UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHLEEN CHRISTIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:08-cv-44-JAW |
| | ) | |
| MBNA GROUP LONG TERM | ) | |
| DISABILITY PLAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION**

Kathleen Christie commenced this ERISA action to obtain judicial review of the denial of benefits under the MBNA Group Long Term Disability Plan. She would like the opportunity to serve certain specific interrogatories and requests for production of documents on the defendant Plan and the defendant claims administrator, The Prudential Insurance Company. The discovery initiatives are in two categories. One category seeks to uncover information pertaining to Prudential's internal policies and procedures, if any, related to penalizing or rewarding accurate versus inaccurate claims decisions, such as any incentive programs that might exist. The other category relates to any internal structures that Prudential may have set in place to "wall off" claims handlers from persons "interested in the finances of the company." (Mot. for Leave at 3, Doc. No. 46.) The Defendants oppose the motion. (Defs.' Objection, Doc. No. 47.)

**Facts**

The record on the instant motion contains essentially no claim-specific facts or representations.  It is known only that Christie's claim for long term disability (LTD) benefits was denied, that she presents a claim based on disability arising from fibromyalgia, and that, with respect to the employee benefits plan in question, Prudential operates under a financial conflict of interest because it both insures plan benefits and determines claims for benefits.

**Discussion**

Christie states that her draft interrogatories and requests, which are attached to her motion, are "carefully drafted to address only those issue on which the Court invited proposals and are carefully drafted to curtail the amount of information and documents to be obtained." (Mot. at 5.)  Christie does not offer any analysis of her discovery proposals in terms of how any resulting information is likely to factor into this case.  The defendants object to the initiative, complaining that Christie offers no case-specific evidence or even argument for how the proposed discovery might assist the Court in the review of the challenged claim decision.  The defendants observe that, if discovery is afforded on this record, then it will be afforded in every case, giving rise to a new procedural rule for all ERISA benefit denial cases, which would not service the goal of efficient claims administration.  (Objection at 1-3.)  If any discovery is to be authorized, the defendants argue, it should first be justified based on existing case-specific facts or information available in the public domain.  Additionally, they propose, such discovery forays should take place in the context of a Rule 56(f) motion, so that the Court can sample the record and consider the merits before deciding whether a collateral discovery foray into structural conflict or procedural basis would be worthwhile.  (Id. at 6-7.)  In other words, only if the merits are closely balanced would conflict of interest discovery potentially have enough weight to tip

2

the scales in favor of the claimant.  (Id.)  Christie offers no reply to these well-considered arguments.  I deny Christie's motion for leave to engage in the proposed discovery because I am not persuaded that the discovery would materially aid the Court in its judicial review of Prudential's administrative decision.

This dispute grows out of a line of cases in which the courts have expressed growing skepticism about the appropriateness of applying a highly deferential standard of judicial review when the administrative decision maker has operated under a financial conflict of interest arising from the fact that it would have to pay with its own funds any successful claim for benefits.  See Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343 (2008);  Denmark v. Liberty Life Assurance Co., 481 F.3d 16, 30-31 (1st Cir. 2007) (discussing circuit opinions prior to the Glenn opinion).  In Glenn, the Supreme Court acknowledged what several circuit courts of appeal had already stated, that this circumstance creates a "structural" conflict of interest that courts need to consider as a factor when deciding whether an administrator abused its discretion and that the significance of this factor depends on the circumstances of the particular case.  128 S. Ct. at 2346.

Although the Supreme Court condoned the idea that courts may weigh this structural conflict of interest factor in the course of reviewing claim denials, Glenn was not a case about discovery and the Supreme Court did not state to what extent reviewing courts should or should not permit discovery to explore the particular dimensions of an administrator's conflict.  Consequently, when it comes to discovery in a case involving review of an ERISA benefits determination, the law in this District is still set by the First Circuit's opinion in Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003).  See Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519-20 (1st Cir. 2005);  DuBois v. Unum Life Ins. Co. of Am., 2008 U.S. Dist. Lexis 53970, *2, 2008 WL 2783283, *1, Civ. No. 08-163-P-S (D. Me. July 14, 2008)

(Mag. J. Rich, Mem. Dec. and Order on Pl.'s Objection to Scheduling Order).  Thus, there must be "at least some very good reason . . . to overcome the strong presumption that the record on review is limited to the record before the administrator."  Liston, 330 F.3d at 23.

In Liston, the First Circuit affirmed a decision to deny discovery into how the administrator decided claims presented by other employees seeking benefits under the same "officer severance plan" where the facts suggested that the decisions on such claims would not easily be measured against the decision on the plaintiff's claim due to the absence of any easily comparable factors among the group of claimants with respect to the requirements set by the plan.  Id. at 26.  In Orndorf, the First Circuit affirmed a decision to deny supplementation of the record that would have enabled the plaintiff to present new evidence going to the merits of his claim.  To permit a claimant to supplement his claim on the merits during judicial review would have been error, the First Circuit decided, because it would have completely undermined the administrative process and the interests in finality and exhaustion that are hallmarks of that process.  404 F.3d at 519.

The discovery presentation in this case differs from the discovery presentation in both Liston and Orndorf.  Christie's proposed interrogatories are not designed to launch a discovery initiative into decisions on claims presented by other claimants who, like her, have sought LTD benefits for fibromyalgia.  I have already denied her access to that and other discovery.  (See Report of Hr'g and Order at 2, Doc. No. 43.)  Nor do the proposed interrogatories seek to put before the Court new evidence on the merits of Christie's claim.  Christie is focused, instead, on exploring the contours of the structural conflict of interest that exists for Prudential.  However, although Christie's requests are more properly focused, she offers no explanation for why the discovery would tend to materially modify the way in which this Court reviews the

4

reasonableness of Prudential's underlying determination.  Pursuant to the <u>Glenn</u> opinion, Christie already has available to her the fact that Prudential's decision was made under the cloud of a structural conflict of interest.  Thus, to the extent that the bases for Prudential's decision are of dubious quality or present only an evenly balanced picture, this structural conflict may suffice to tip the scales in Christie's favor.  After all, claims administrators, as ERISA fiduciaries, tread on thin ice when they deny benefits to a claimant who has supported her claim to the point of equipoise.  Whether the administrator perceives such a presentation as just barely enough or just shy of enough may well turn on the existence of a structural conflict.  As the Glenn Court observed, a claims administrator must "'discharge [its] duties' in respect to discretionary claims processing 'solely in the interests of the participants and beneficiaries' of the plan."  <u>Glenn</u>, 128 S. Ct. 2350 (quoting 29 U.S.C. § 1104(a)(1)).  The trouble here is, Christie already has the benefit of this structural conflict and she has done nothing to articulate why that factor would be any weightier if Prudential does not formally "wall off" claims administrators from its financial managers.  In my view, unassisted by any argument of counsel, the mere absence of special or affirmative measures to wall off claims administrators from overall financial performance concerns, in and of itself, does not establish any *enhanced* conflict or bias, only the ordinary structural conflict that is already factored into this case.[1]  Nor does Christie's presentation concerning bonus and incentive programs suggest to me how the standard of review might change depending on what she discovered.  For example, if discovery revealed that claims

---

[1] In the event that the administrator should introduce evidence in its own favor on this question, in an attempt to reduce the weight of the structural conflict factor, then such an attempt might warrant some discovery to put the claimant on equal footing and to enable the Court to better understand the workings of any internal structural or procedural measures that might exist.

handlers received incentives for "closing claims files,"[2] would that mean that Christie would be entitled to benefits under the plan no matter what the record demonstrated on the merits.  I presume not.  And as to any specific item of evidence in the record, would the existence of such an incentive have any tendency to make that evidence immaterial or less weighty?  If so, Christie has failed to articulate how and why and it is for that reason that I now deny her request for leave to serve the proposed discovery requests.

### Conclusion

The Plaintiff's Motion for Leave to Serve Interrogatories and Requests for Production of Documents (Doc. No. 46) is DENIED.

### <u>CERTIFICATE</u>

Any objections to this Memorandum of Decision shall be filed in accordance with Fed.R.Civ.P. 72.

***So Ordered.***

September 25, 2008                    /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

---

[2]         Prudential's counsel represents that such incentives do not exist.  (Defs.' Objection to Pl.'s Requests for Production ¶¶ 3, 4 & 5, Doc. No 48;  Defs.' Objection to Pl.'s Interrogatories ¶¶ 3 & 4, Doc. No. 49.)